Filed 1/30/26  P. v. Lee CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>MYRON LEE,<br><br>    Defendant and Appellant. | B346252<br><br>(Los Angeles County<br>Super. Ct. No. 23CJCF00477) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Victoria B. Wilson, Judge.  Affirmed.

James M. Crawford, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

———————————————

Myron Lee appeals from a judgment after the trial court denied his motion to withdraw his no contest plea to second degree robbery and sentenced him to prison for four years. We appointed counsel to represent Lee on appeal. After reviewing the record counsel for Lee filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 that did not identify any arguable issues. After independently reviewing the record, we have not identified any either. Therefore, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

A.     *The People Charge Lee with Two Counts of Second Degree Robbery*

On October 20, 2023 Lee and his partner chased two men into the lobby of a hotel, pointed a gun at them, and ordered one of them to hand over his watch and necklaces. The victim handed over the jewelry, valued at $133,000, and Lee and his partner fled in a black car with paper license plates. Police officers were later able to recover fingerprints matching Lee's from the scene.

The People charged Lee with two counts of second degree robbery (Pen. Code, § 211). The People alleged that Lee had a prior serious or violent felony conviction, within the meaning of the three strikes law (Pen. Code, §§ 667, subds. (b)-(j), 1170.12), and that there were aggravating circumstances, within the meaning of California Rules of Court, rule 4.421(a)(2), (a)(8), (9), (b)(1), (2), and (5).

B.     *Lee Pleads No Contest*

On May 1, 2024 the parties entered into a plea agreement for the court to sentence Lee to the lower term of two years, doubled under the three strikes law.  The prosecutor explained that the "offer is to count 1, [and] the defendant will also be admitting his prior strike conviction . . . .  We're not requiring the defendant to admit an aggravating factor for the [upper] term. So his maximum exposure here to this charge, without that admission, would be six years state prison."  Lee told the court that this was his "understanding of the agreement" and that it was his "request to enter into this agreement."

Prior to accepting Lee's plea, the court advised Lee:  "This conviction is for a serious or violent felony, which is known as a strike conviction.  In the future, if you're convicted of a new felony, the sentence in your new case will be doubled.  If you have two serious or violent felony convictions and you are convicted of a third qualifying offense, you may receive a sentence of 25 years to life."  The court also advised Lee of his maximum exposure in this case and that his plea "will result in a felony conviction that can used against [him] to increase the punishment in any future case."  Lee, after stating he had discussed the negotiated disposition with his attorney, pleaded no contest to one count of robbery and admitted he had a prior conviction for a serious or violent felony within the meaning of the three strikes law.

C. *The Trial Court Denies Lee's First Motion To Withdraw His Plea*

On October 4, 2024 Lee filed a motion seeking to withdraw his no contest plea. In his declaration Lee stated: "Even though I pled no contest to the charge, I did not fully understand . . . the nature and consequences of my plea. I spoke to my attorney, . . . but as a result of mistake or ignorance, I did not appreciate the fact that the plea would mean that I would have two (2) strikes (a prior and the current offence). [¶] I have always maintained my innocence in this matter. [¶] I recently informed my attorney of a fact that, if known by him, may have changed whether he would have advised or not advised me to take the plea. The fact concerns my defense to the charges. I feel like my plea was not voluntary because my attorney was not advised of a fact by me in my defense. As a result, I was advised that the plea would be in my best interest; however, I never wanted to plead no contest or guilty."

Trial counsel for Lee submitted a declaration in support of the motion. Counsel explained that, though "Mr. Lee appeared to understand what I explained prior to his plea," his later "questions demonstrated to me that he did not understand in full what I was explaining to him in our discussion." Counsel also stated: "Mr. Lee advised me of a matter in his defense that may have changed whether I would have or would not have advised him that a plea was in his best interest."

The People opposed the motion. They argued that, in "the plea transcript, which [Lee] did *not* include in his motion, [Lee] explicitly acknowledges the consequences of pleading to a second or third strike, as well as admits the prior strike from 2023. . . . [¶] Defendant Lee states in his declaration that he did not share

4

a fact known to him that could have been used in his defense with his lawyer until after the plea was taken. This is not the fault of the People or the Court that [Lee] did not share this purported fact, and it does not rise to the level of clear and convincing evidence to satisfy [Lee's] burden." The trial court denied the motion.

D. *The Trial Court Denies Lee's Second Motion To Withdraw His Plea and Sentences Lee*

On April 18, 2025 Lee filed a second motion to withdraw his plea. Lee, represented by new counsel, argued there was clear and convincing evidence his prior counsel provided ineffective assistance because "the prior counsel acknowledged doing an investigation and talking to Myron Lee . . . only after writing and submitting a declaration for the motion to withdraw plea. The prior counsel did not do a complete investigation to foreclose all possibility of a defense before the plea was taken." Lee also claimed that the declaration he submitted with the first motion to withdraw his plea was "not in his own words" and that, had "counsel done the investigations prior to submitting the declaration, the counsel would have included Myron Lee's facts."

The trial court denied Lee's second motion. The court stated: "I don't think the issue is ineffective assistance of counsel and failure to investigate. My understanding is that [Lee's prior counsel] had conversations with Mr. Lee. It was Mr. Lee who did not disclose the information that seems to be at issue in this particular motion. It was Mr. Lee who subsequently informed [his prior counsel] of that piece of information. And then in this actual motion that was filed, [Lee's prior counsel] says, 'It might have affected his advice.' And then at the actual hearing, he said

5

it would actually have affected his advice to Mr. Lee. However, again, I do not see it as an ineffective assistance of counsel claim because it is not a failure to investigate. The two gentlemen had conversations, the attorney and client. It was Mr. Lee who did not disclose the information. And I do agree with the prosecutor's general argument—or the takeoff from this argument, which is that any—if I were to grant the motion to withdraw, any defendant can come in here and say, 'Oh, there is a piece of information I did not give to my attorney.' And then the attorney to say, 'Oh, that could have affected the judgment,' and to request a withdraw of the guilty plea. So the second motion to withdraw is now denied."

The trial court sentenced Lee to the lower term of two years, doubled under the three strikes law, for a total prison term of four years. The court awarded Lee presentence custody credit and granted the People's motion to dismiss the remaining counts and allegations.

> E. *Lee Appeals, and the Trial Court Issues a Certificate of Probable Cause*

On May 15, 2025 Lee filed a notice of appeal and asked for "a certificate of probable cause on grounds of ineffective assistance of counsel." The trial court granted Lee's request for a certificate of probable cause.

## DISCUSSION

We appointed counsel to represent Lee in this appeal. After reviewing the record counsel filed a brief raising no issues. Counsel advised Lee on November 12, 2025 he could personally submit any contentions or issues he wanted this court to consider. Counsel also sent Lee the record on appeal and a copy of the appellate brief. In addition, this court also sent Lee a letter on November 13, 2025 advising him that, "[w]ithin 30 days of the date of this notice, [he] may submit a supplemental brief or letter stating any grounds for an appeal, or contentions, or arguments which appellant wishes this court to consider." We have not received a response from Lee.

We have examined the record and are satisfied that appellate counsel for Lee has complied with his responsibilities and that there are no arguable issues. (*Smith v. Robbins* (2000) 528 U.S. 259, 277-284; *People v. Kelly* (2006) 40 Cal.4th 106, 118-119; *People v. Wende*, *supra*, 25 Cal.3d at pp. 441-442.)

## DISPOSITION

The judgment is affirmed.

SEGAL, Acting P. J.

We concur:

FEUER, J.                          STONE, J.

7